**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ADRIAN L. JACKSON, Inmate #N56292,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **STATE OF ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS, ROGER E. WALKER,** | ) |
| **STEPHEN D. MOTE, DONALD N.** | ) |
| **SNYDER, EDWIN R. BOWEN, ALAN** | ) |
| **SANNER, ALLAN R. WISELY,** | ) |
| **MARILYN D. RAUSCH, JARED A.** | ) |
| **McDONAL, JEREMY A. WEH,** | ) |
| **GREGORY K. BRASSEL, LT. RILEY,** | ) |
| **COREY S. HUGHES, and CHARLES E.** | ) |
| **ROLFINGMEIER,** | ) |
| | ) |
| **Defendants.** | ) |

CIVIL NO. 04-160-DRH

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Centralia Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis* without an initial partial filing fee.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts

---

[1]The Illinois Department of Corrections website, <http://www.idoc.state.il.us>, indicates that Plaintiff was released on parole on August 19, 2005.

does not constitute an opinion as to their merit. Plaintiff's complaint is a jumble.  It includes handwritten "copies" of grievances and disciplinary reports, hand-copied headnotes that do not reference cases, as well as photo copies of grievance forms and disciplinary reports.  Because there are so many hand-copied statements and because they are included between paragraphs of factual statements, it is very difficult to determine whether these statements present factual allegations or are Plaintiff's attempts at stating the law.  Although Plaintiff states clearly his intention to bring two claims, other parts of his factual narrative could indicate additional claims.  The Court has attempted to find as many claims as Plaintiff's factual narrative warrants.  As such, the Court's statement of claims differs a great deal from those expressed by Plaintiff.

**COUNT 1:**   Against Defendants Riley and Brassel for using excessive force in violation of the Eighth Amendment; against Defendants Walker, Snyder, and Bowen for authorizing the use of force; and against Defendants Rausch, McDonal, and Weh for failing to intervene to prevent the use of force.

**COUNT 2:**   Against Defendants Riley and Brassel for deliberate indifference to Plaintiff's serious medical need of a hernia and against unspecified defendants for failing to treat his hernia and for failing to treat injuries resulting from the use of excessive force described in Count 1.

**COUNT 3:**   Against Defendants Walker, Mote, Snyder, Bowen, Rausch, McDonal, Weh, Brassel, and Riley for unconstitutional retaliation.

**COUNT 4:**   Against defendants Hughes and Rolfingsmeier for violating Plaintiff's due process rights in adjudicating disciplinary charges.

**COUNT 5:**   Against defendants Wisely and Sanner for failing to respond to or investigate grievances.

**COUNT 6:**   Against Defendant Snyder for assaulting Plaintiff.

**COUNT 7:**   Against unspecified defendants for denying Plaintiff work.

**COUNT 8:**   A habeas claim based on Plaintiff's Illinois state conviction.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

- 2 -

U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

## COUNT 1

Plaintiff states that on March 14, 2003, Defendants Riley and Brassel, both Lieutenants at Centralia Correctional Center, used excessive force against him when moving him from his cell into segregation.  Plaintiff states that Defendants Riley and Brassel choked Plaintiff causing him to lose consciousness, slammed his head into a wall causing three loose teeth and a swollen right eyebrow, and pushed him into a mop bucket causing a long, deep cut on his leg.  The excessive force also rendered a hernia (a pre-existing condition) irreparable.  Plaintiff states that Defendants Riley and Brassel were trying to kill him.  Plaintiff also states that Defendants Marilyn D. Rausch, Jared A. McDonel, and Jeremy A. Weh were present and had a duty to, but did not intervene in the assault before injuries occurred. Plaintiff states that Defendants Donald N. Snyder and Edwin R. Bowen directed the officers to use excessive force and that Defendant Roger E. Walker failed to monitor

the officers' use of excessive force.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff asserts that Defendants Rausch, McDonel, and Weh merely stood by and watched other officers during the events alleged in this Count, and that these defendants are equally as liable for his injuries due to their failure to intervene. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority.

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their

duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987). Based on these standards and Plaintiff's allegations, these claims cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff states that he suffers from a hernia that was never treated by prison doctors at Centralia Correctional Center, and specifically that he was never given surgery to correct the problem. Although it is not clear, Plaintiff appears to say that because of his condition, Defendants Riley and Brassel, by using excessive force against him, were deliberately indifferent to his serious medical need and should have been more careful in transferring him because of his hernia. Plaintiff later states that he was not given any medical treatment for his injuries after the assault described in Count 1. Plaintiff does not specify by name any defendant who denied him medical treatment or allege when or how he requested medical treatment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he

- 5 -

> deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S.
> at ----, 114 S.Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act
> or omission must result in the denial of the minimal civilized measure of life's
> necessities." *Id.*  The second requirement is a subjective one: "[A] prison official
> must have a 'sufficiently culpable state of mind,'" one that the Court has defined as
> "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct.
> 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate
> alleges that prison officials failed to attend to serious medical needs is whether the
> officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104,
> 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious
> medical needs of prisoners constitutes the 'unnecessary and wanton infliction of
> pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).  However,

the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth

Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed
> to act believing that harm actually would befall an inmate;  it is enough that the
> official acted or failed to act despite his knowledge of a substantial risk of serious
> harm....  Whether a prison official had the requisite knowledge of a substantial risk
> is a question of fact subject to demonstration in the usual ways, including inference
> from circumstantial evidence, ... and a factfinder may conclude that a prison official
> knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent

error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth

Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only
> if the prison official named as defendant is deliberately indifferent to the prisoner's
> health--that is, only if he 'knows of and disregards an excessive risk to inmate health
> or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Based on these standards, the claims of deliberate indifference against Defendants Brassel and Riley cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

However, any potential claims against medical or other personnel at Centralia Correctional Center cannot stand because Plaintiff has not specified by name any individuals responsible for the alleged deprivations. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint, *see Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Accordingly, Plaintiff may proceed on the deliberate indifference claims **against Defendants Riley and Brassel only**.

## COUNT 3

Plaintiff appears to state that Defendants Walker, Mote, Snyder, Bowen, Rausch, McDonal, Weh, Brassel, and Riley; and Stephen M. Kernan, the trial judge who presided over his conviction; the Illinois State's Attorney; and his public defender, were all part of a conspiracy to harass and intimidate him.[2]  In addition, it appears that Plaintiff may be stating that he was retaliated against for filing grievances.  Plaintiff states that the defendants' retaliation took the form of harassment, intimidation, the filing of false disciplinary reports, lost good time credit, assault, segregation, denial of access to courts, and interference with his mail.  Plaintiff includes with the complaint a number of disciplinary reports which he believes were filed against him as part of the retaliatory conspiracy.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Based on these legal standards and Plaintiff's allegations, this claim cannot be dismissed at this point in the litigation.  *See* 28 U.S.C. § 1915A.

## COUNT 4

---

[2]Plaintiff's claims against the judge, prosecutor and public defender, who are not named defendants in the action, are dealt with in Count 8.

Despite the large number of disciplinary reports and grievances Plaintiff includes with the complaint, as best the Court can tell, Plaintiff alleges lack of due process in only one disciplinary action. Plaintiff states that after the alleged use of excessive force described in Count 1, Plaintiff was disciplined for assaulting Defendant Brassel. According to the allegations, Defendant Brassel injured his thumb in the incident. As a result, Plaintiff was found guilty of assaulting a staff member and was punished with a six-month demotion to C grade, a six-month confinement in segregation, a six-month revocation of good time credit, a six-month loss of contact visits, and a possible transfer to a maximum security facility. Plaintiff states that Defendant Brassel was not actually injured in the incident and that therefore Plaintiff was found guilty by the adjustment committee (consisting of Defendants Hughes and Rolfingsmeier) without a sufficient factual basis. Plaintiff also states that there was no adequate written record given to him after he was found guilty.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time credit or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786

- 9 -

(7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.  Based on these legal standards and Plaintiff's allegations, this claim cannot be dismissed at this point in the litigation.  *See* 28 U.S.C. § 1915A.

## COUNT 5

Plaintiff states that Defendants Wisely and Sanner failed to respond to his grievances  and did not properly investigate the allegations stated therein.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Based on these legal standards, this claim is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 6

Plaintiff states that on November 14, 2001, Defendant Snyder, while visiting Centralia Correction Center, singled out Plaintiff and directed his "security team" to shake down Plaintiff, while Defendant Snyder held a gun to Plaintiff's head, threatening to shoot him.  One of the correctional officers present pushed Defendant Snyder's hand, causing the gun to discharge and causing Defendant Snyder to shoot himself in the arm.  Plaintiff states that the bullet just missed his head.  Plaintiff states later, on April 2, 2003, Defendant Snyder intentionally placed Plaintiff on the death row unit to intimidate him.

Based on the legal standards governing claims of excessive force stated in Count 1 and on the Eighth Amendment's prohibition against cruel and unusual punishment, which forbids punishment without penological justification, *see Gregg v. Georgia*, 428 U.S. 153, 183 (1976), this claim of excessive force and harassment cannot be dismissed at this point in the litigation, *see* 28 U.S.C. § 1915A.

## COUNT 7

The complaint includes a page of random statements of the law regarding work while incarcerated.  Plaintiff states that he had a number of disciplinary reports written against him regarding work in the prison and that he lost his prison job while he was in segregation, resulting in significant monetary loss.  Without more, Plaintiff has not stated a claim of constitutional dimension.  Prisoners have no constitutional right to employment in prison.  *See Garza v. Miller*, 688 F.2d 480 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983).   Accordingly, this claim is **DISMISSED** from the action with prejudice.  See 28 U.S.C. § 1915A.

## COUNT 8

Plaintiff's complaint includes what appears to be a complete petition for habeas corpus relief. It is filed on separate paper from the rest of the complaint and states that it is brought "pursuant to 735 ILCS 5/10-102."   In the petition, Plaintiff seeks "immediate release from his unlawful imprisonment of conviction," and he raises grounds of impropriety on the part of Stephen M. Kernan, the Illinois state judge who presided over his trial, the Illinois State's Attorney, and his public defender.

There are two possible ways to construe this petition, neither of which, however, will allow it to be heard in the present action.  If Plaintiff is attempting to bring a state habeas corpus action,

he has filed in an inappropriate forum.  Habeas corpus actions brought pursuant to Illinois state law must be brought in an Illinois state court.

If Plaintiff is attempting to bring a habeas corpus action challenging his state court conviction pursuant to 28 U.S.C. § 2254, he cannot do so without first exhausting his available state remedies.

> Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court.  *See* 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1998); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems.  *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. 1728; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).

*Spreitzer v. Schomig*, 219 F.3d 639 , 644-45 (7th Cir. 2000).  "A petitioner presents [his] claims fully simply by pursuing all available avenues of relief provided by the state before turning to the federal courts."  *Howard*, 185 F.3d at 725; *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998).  Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted."  *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.  Plaintiff has not demonstrated that he has presented any of these claims to an Illinois court for review.  Accordingly, this claim is **DISMISSED** without prejudice.

### SUMMARY OF CLAIMS

Plaintiff is allowed to proceed against Defendants Walker, Snyder, Bowen, Rausch, McDonal, Weh, Brassel, and Riley on Count 1.  Plaintiff is allowed to proceed against Defendants

Brassel and Riley on Count 2.  Plaintiff is allowed to proceed against Defendants Walker, Mote, Snyder, Bowen, Rausch, McDonal, Weh, Brassel, and Riley on Count 3.  Plaintiff is allowed to proceed against Defendants Hughes and Rolfingsmeier on Count 4.  Count 5 is dismissed from the action with prejudice.  Plaintiff is allowed to proceed against Defendant Snyder on Count 6.  Count 7 is dismissed form the action with prejudice.  Count 8 is dismissed from the action without prejudice.

All claims brought against Defendants Sanner and Wisely have been dismissed from the action.  Accordingly, Defendants Sanner and Wisely are **DISMISSED** as defendants.

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).  Accordingly, the Illinois Department of Corrections is **DISMISSED** as a defendant.

<u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants *Roger E. Walker, Stephen D. Mote, Donald N. Snyder, Edwin R. Bowen, Marilyn D. Rausch, Jared A. McDonal, Jeremy A. Weh, Gregory K. Brassel, Lieutenant Riley, Corey S. Hughes, and Charles E. Rolfingmeier* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **11** USM-285 forms with

Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Roger E. Walker, Stephen D. Mote, Donald N. Snyder, Edwin R. Bowen, Marilyn D. Rausch, Jared A. McDonal, Jeremy A. Weh, Gregory K. Brassel, Lieutenant Riley, Corey S. Hughes, and Charles E. Rolfingmeier*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Roger E. Walker, Stephen D. Mote, Donald N. Snyder, Edwin R. Bowen, Marilyn D. Rausch, Jared A. McDonal, Jeremy A. Weh, Gregory K. Brassel, Lieutenant Riley, Corey S. Hughes, and Charles E. Rolfingmeier* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** **March 8, 2006**


/s/   David   RHerndon
**DISTRICT JUDGE**