IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ADRIAN JACKSON**,

**Plaintiff,**

**v.**

**ROGER WALKER, et al.,**

**Defendants.**                                              **No. 04-cv-0160-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

On June 12, 2007, the Court entered an Order adopting a Report and Recommendation ("the Report), granting Defendants' motion for summary judgment and dismissing without prejudice for failure to exhaust administrative remedies Jackson's cause of action against Defendants Rausch, McDonal, Weh, Breassel, Mote, Riley, Rolfingmeier, Snyder and Bowen (Doc. 66). The Court also *sua sponte* dismissed without prejudice for lack of service of process Plaintiff's claims against Defendant Hughes. When the Court entered the Order, the Court noted that none of the parties filed objections to the Report (Doc. 66, p. 1). Unknown to the Court, Jackson did file objections to the Report (Doc. 67). The records show that Clerk of the Court received the objections on June 11, 2007 and that it was filed on June 12, 2007 *after* the Order adopting the Report was entered. Because Jackson timely filed objections to the Report, the Court **VACATES** its June 12, 2007 Order and

undertakes de novo review of the relevant portions of the Report. **28 U.S.C. § 636(b)(1)(B);** F<small>ED</small>. R. C<small>IV</small>. P. **72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Analysis

The May 21, 2007 Report recommends that the Court *sua sponte* dismiss without prejudice Defendant Hughes for lack of service of process (Doc. 65, p. 1). Jackson's objection does not address this issue. Thus, the Court need not conduct de novo review on this portion and **ADOPTS** the Report on this issue. *Thomas v. Arn*, **474 U.S. 140, 149-52 (1985)**.

Further, the Report recommends dismissing without prejudice Plaintiff's claims against the remaining Defendants for failure to exhaust administrative remedies (Doc. 65, ps. 2-3).[1] In his objections, Jackson states "[g]enerally, there is no requirement of exhausting state administrative remedies before bringing lawsuit under § 1983, 1983 42 USCA § 1983 SEE Button v. Harden 814 F.2d 382, 38 Ed.Law Rep. 125" (Doc. 67, p. 10). His objections also state "[a]t this point their

---

[1]The Report also notes that Jackson failed to respond to Defendants' motion for summary judgment (Doc. 56) (in which Defendants argued *inter alia* that Jackson's claims were barred by the exhaustion requirement of 42 U.S.C. § 1997e(a)) and that this failure to respond maybe considered an admission of the merits pursuant to Local Rule 7.1(c) (Doc. 65, p. 2).

[sic] is no administrative remedy that could help Plaintiff or defendant on that level, Plaintiff was shot where suit was filed" (Doc. 67, p. 10).  The Court rejects this objection.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, **Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)**, or if the prisoner believes that exhaustion is futile, **Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)**.  "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." **Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) (per curiam)**.  The Supreme Court has also noted that corrective action taken in response to a grievance might satisfy the prisoner, thus obviating the need for the litigation, or alert prison authorities to an ongoing problem that they can correct.  **Porter, 534 U.S. at 524-25, 122 S.Ct. 983.**

The Supreme Court has stated that so long as the administrative authority has the ability to take *some* action in response to the complaint (even if not the requested action), an administrative remedy is still "available" under the PLRA.  **Booth, 532 U.S. at 741, 121 S.Ct. 1819;** *see also Larkin v. Galloway,* **266 F.3d 718, 723 (7th Cir. 2001) (inmate must exhaust prison remedies if the**

**administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it)**. Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Lewis v. Washington,* **300 F.3d 829, 833 (7th Cir. 2002);** *Dale v. Lappin,* **376 F.3d 652, 656 (7th Cir. 2004)**. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted. *Pozo v. McCaughtry,* **286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")**.

Based on the record before the Court, it appears that Jackson did not exhaust his administrative remedies prior to filing suit. Thus, the Court must dismiss without prejudice his claims against the remaining Defendants for failure to exhaust his administrative remedies.

### III.

Accordingly, the Court **ADOPTS** the Report (Doc. 65). The Court **GRANTS** Defendants' motion for summary judgment (Doc. 62). The Court **DISMISSES without prejudice** for failure to exhaust administrative remedies Plaintiff's claims against Rausch, McDonal, Weh, Walker, Brassel, Mote, Riley,

Rolfingmeier, Snyder, and Bowen. Further, the Court *sua sponte* **DISMISSES without prejudice** for lack of service of process Plaintiff's claims against Defendant Hughes. The Court will close the file.

    **IT IS SO ORDERED.**

    Signed this 28th day of June, 2007.

    /s/    David   RHerndon
**United States District Judge**